IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 17-47-LPS-1-4 |
| | ) | |
| OMAR MORALES COLON, | ) | |
| and SHAKIRA MARTINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this **6th** day of **May, 2020**, having considered Defendant Omar Colon's

Motion to Suppress Search of 614 Rogers Avenue (D.I. 198) ("Rogers Motion" or "Rogers

Mot."), Defendant Omar Colon's Motion for Reconsideration of Order Denying Motion to

Suppress Evidence Recovered as a Result of Wire Intercepts (D.I. 216) ("Reconsideration

Motion" or "Recon. Mot."), Defendant Omar Colon's Omnibus Motion to Suppress (D.I. 217)

("Omnibus Motion" or "Omni. Mot."), Defendant Omar Colon's letter requesting other relief

(D.I. 245) ("Letter Motion" or "Letr. Mot."), as well as the various responses and related filings

(*see, e.g.*, D.I. 225, 226, 229, 248, 249, 251, 254),[1]

---

[1] In an *ex parte* letter to the Court dated April 30, 2020, Colon's counsel indicated that she intended to file replies in support of Colon's motions and to do so by May 15. She further indicated that she has advised the government of this intention and that the government does not oppose. The Court treats this as a request for leave to file untimely reply briefs and the Court denies this request. As of the April 30 request to file replies, the government's responses to which Colon now wishes to reply had been before the Court since March 6 (D.I. 225, 226, 229) – that is, nearly eight weeks. The Court had scheduled a hearing for April 29 to hear oral argument on Colon's then-pending motions (*see* D.I. 223), but on April 9, after conferring with the parties (*see* D.I. 233), the Court cancelled the hearing and advised the parties it intended to resolve the motions on the papers (*see* D.I. 237). There was no request from Colon's counsel at that time (or any subsequent time, until the *ex parte* letter) to file replies or any indication that such a request or reply would be forthcoming. Additionally, it must be emphasized that the motions the Court

**IT IS HEREBY ORDERED** that all of the foregoing Motions (i.e., Rogers Motion, Reconsideration Motion, Omnibus Motion, and Letter Motion[2]) (D.I. 198, 216, 217, 245) are **DENIED**, as further explained below.

1.      By his Rogers Motion, Colon seeks to suppress evidence obtained during the search of 614 Rogers Avenue and other evidence based on his contention that the affidavits submitted to obtain a search warrant contained material misrepresentations and omissions of facts critical to the probable cause determination. (Rogers Mot. at 1) Specifically, Colon seeks suppression of all evidence seized pursuant to the search warrants issued in relation to (i) all structures and storage facilities on the property at 614 Rogers Avenue and 4010 Kirkwood Saint Georges Road; and (ii) safe deposit boxes at a WSFS at 210 Fox Hunt Drive and a TD Bank at 2035 Limestone Road. (D.I. 198 at 2) Colon submitted a Declaration in support of the Rogers Motion (*see* D.I. 198-1) and states that he is prepared to testify at a hearing "that he never gave verbal consent to search the premises" at Rogers Avenue (Rogers Mot. at 4). He seeks a *Franks* hearing. (Rogers Mot. at 1)

The search of 614 Rogers Avenue, Aston, PA, occurred on May 6, 2017, before the searches of all the other properties in this case, and the search is referenced in each affidavit in

---

is resolving today have been outstanding for a significant time (between three and five months). Moreover, Colon's previous counsel had also filed two motions to suppress, back in May 2019, which were fully briefed in August 2019 and decided (after argument by Colon's current counsel) in September 2019. Finally, and importantly, trial is currently set to begin two months from today, and the parties need to be focusing on trial preparation, a focus which is promoted by having the Court's ruling on these motions and not waiting for further, untimely submissions. (*See generally* D.I. 249 at 2) (government observing "the time to focus on and prepare for trial has arrived")

[2] The Letter Motion contains a request by Colon to proceed *pro se*. This request is not resolved by the instant Memorandum Order. It will be the subject of further proceedings tomorrow, May 7, 2020.

support of search warrants for those other properties.  (Rogers Mot. at 1-2; D.I. 225 at 2)

According to Colon, the statement in the affidavit that on May 6, 2017 Colon "provided

investigators with verbal consent to search the property located at" 614 Rogers Avenue is false.

(Rogers Mot. at 3; *see also* D.I. 228 at SW00000251)  Colon argues that he never consented to

this search, pointing to refusals he gave during a videotaped post-arrest statement and the lack of

reference to 614 Rogers Avenue on a form on which he gave written consent to search other

properties.  (Rogers Mot. at 3)  He further argues that if the affidavits submitted for further

search warrants had been stripped of the information related to the search of 614 Rogers Avenue,

those subsequent affidavits would not have supported probable cause.  (Rogers Mot. at 2)

In response, the government argues that (i) Colon lacks standing to object to the search of

614 Rogers Avenue because the property was rented to others (D.I. 225 at 7-8); and (ii) because

the search warrants subsequently sought were replete with probable cause even if stripped of

evidence relating to and derived from the search conducted on May 6, 2017, the Court need not

even reach the issue of Colon's consent (D.I. 225 at 9-11).  Thus, in the government's view,

because the 614 Rogers Avenue search was lawful, the motion as it relates to warrants that were

allegedly "issued as a result of the illegal search of 614 Rogers Avenue" should also be denied.

(D.I. 225 at 2)  In the alternative, according to the government, even if the 614 Rogers Avenue

search was not legal, the independent source doctrine applies to the subsequently-issued

warrants.  (D.I. 225 at 9)  The government also disputes Colon's allegation that he never

consented to the search, arguing instead that (i) during his post-arrest interview Colon did not

deny consent but merely established the limits of his own authority as someone who rented the

property to others; and (ii) after that interview, Colon specifically provided verbal consent to the

agent in charge, as that agent would testify (if the Court were to require a hearing).  (D.I. 225 at

11-13)

The Court agrees with the government that Colon has not met his burden to show he has

standing to object to the search of 614 Rogers Avenue because the property was owned not by

Colon but by a company, Zemi Property Management – with which Colon has some association,

possibly ownership – and rented to others.  *See generally United States v. Dynkowski*, 720 F.

Supp. 2d 475, 481 (D. Del. 2010) (burden on defendant to show standing).

To invoke the Fourth Amendment's exclusionary rule, a defendant must have standing.

*See, e.g.*, *United States v. Correa*, 653 F.3d 187, 190 (3d Cir. 2011); *see also Minnesota v.*

*Olson*, 495 U.S. 91, 95 (1990) ( "[C]apacity to claim the protection of the Fourth Amendment

depends . . . upon whether the person who claims the protection of the Amendment has a

legitimate expectation of privacy in the invaded place.") (internal quotations omitted; alteration

in original).  To demonstrate standing, a defendant bringing a Fourth Amendment challenge must

show (i) he has an objectively reasonable expectation of privacy in the property searched, and

(ii) he subjectively had an actual expectation of privacy.  *See, e.g.*, *Bond v. United States*, 529

U.S. 334, 338 (2000).

Colon has failed to show he meets either prong of this test.  (*See* D.I. 225 at 8) ("If the

property is owned by a corporation and leased to others, if Colon denied having the ability to

consent to a search of Rogers Ave. on this basis, and if Colon disclaimed familiarity with the

property's occupants, then he does not have an objective or subjective privacy interest in the

search of Rogers Ave.")  First, he has failed to show that he had an objectively reasonable

expectation of privacy in a property in which he did not live, which he does not own, and which

is leased to renters.  Second, he has failed to show that he subjectively held such an expectation.

To the contrary, his responses to officers who sought consent to search 614 Rogers Avenue

established that he believed he had no authority to consent to a search on behalf of the tenants

who lived there. (*See, e.g.*, D.I. 225 Ex. A at 63) ("I can't give you permission to enter

somebody's property. I rented it to hm, and that's the bottom line there. You can ask him [i.e.,

the renter], but I can't give you permission to go – it's like me giving him permission to go into

your house if you rent from us or something.")

Colon's lack of standing to object to the search is sufficient to deny the Rogers Motion.

Thus, the Court need not (and will not) reach the government's additional proffered grounds for

denial.[3] Further, because Colon cannot challenge the legality of the search of 614 Rogers

Avenue, Colon's remaining arguments about evidence obtained as a result of that search also

fail.

Accordingly, the Rogers Motion is denied.

2. By his Reconsideration Motion, Colon asks the Court to revisit its September

2019 denial of his earlier motion to suppress evidence recovered as a result of wire intercepts.

(*See* D.I. 154; D.I. 192) Colon's request is based on purported newly-discovery evidence –

namely, the testimony during a suppression hearing and trial in another matter by a law

enforcement officer (Hughes) who may have been involved in providing the affiants of the

probable cause affidavit in this case with information about a confidential source. Colon insists

that the "new" evidence (i.e., Hughes' testimony in the other case) contradicts information in the

---

[3] *See, e.g.*, *generally* D.I. 97 at 23 ("I gave the government permission to go in my
house. I gave the government permission to go to every bank and property that is owned by my
company. I gave permission to the government to go to multiple storages to acquire things out of
there. I gave that at one point."); D.I. 225 at 9-10 (highlighting evidence before Magistrate
Judge at time she approved search warrant for Rogers Avenue, in support of independent source
exception argument).

affidavit, and this inconsistency raises substantial doubt as to the veracity of the information that

supported a finding of probable cause here.  (Recon. Mot. at 3)

Specifically, Colon argues that (i) Hughes was present at a December 15, 2010 interview

with the confidential source (CS-1), during which, according to the affidavit in the instant case,

CS-1 identified Colon as the source of five kilograms of cocaine; but (ii) at the trial of William

Boney, as well as in a suppression hearing in that case, Hughes testified that the reported source

of the cocaine was a Mexican cartel.  (Recon. Mot. at 4-7)  Colon further contends that this

inconsistency at least raises an issue as to whether the affiants in the instant case knew that the

information in their affidavit was false or they at least recklessly disregarded the likelihood that

it was false.  (Recon. Mot. at 3)  As a result, Colon requests a *Franks* hearing or a hearing that

will allow him to develop evidence related to this motion.  (*Id.*)

The government responds that Colon's Reconsideration Motion fails because (i) it is

untimely; (ii) it does not satisfy the applicable standard for reconsideration; and (iii) in any event,

it fails to make a substantial preliminary showing warranting a *Franks* hearing.  (D.I. 226 at 1)

The Court agrees with the government on all of these points.

Federal Rule of Civil Procedure 59(e), which Colon cites, is "a device to relitigate the

original issue decided by the district court, and [it is] used to allege legal error."  *United States v.

Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal quotations omitted).  To prevail on such a

motion, the moving party must show (i) an intervening change in the controlling law, (ii) the

availability of new evidence that was not available when the court issued its order, or (iii) the

need to correct a clear error of law or fact or to prevent a manifest injustice.  *See Max's Seafood

Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration is not for

rearguing issues that the Court has already considered and decided. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

On its face, Rule 59 requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court denied Colon's motion to suppress the wire tap evidence on September 13, 2019 (D.I. 192), but he did not bring the Reconsideration Motion until February 10, 2020, nearly five months later.[4] Plainly, the Reconsideration Motion must be denied as untimely.

Additionally, Colon has failed to show the presence of any of the required bases for a meritorious Rule 59 motion. He points only to the "newly discovered evidence" option, but he has identified no "new" evidence. The so-called "newly discovered" statements on which Colon bases his motion are from a trial that occurred seven years ago, which is recorded in a transcript that has been publicly available since April 2013. *See United States v. Boney*, Crim. Act. No. 11-55 D.I. 101-06 (D. Del. 2013). "Evidence is not 'newly discovered' if it was actually known or could have been known by the diligence of the defendant or his counsel." *United States v. Briggs*, 382 F. App'x 138, 141 (3d Cir. 2010) (citing *United States v. Cimera*, 459 F.3d 452, 461 (3d Cir. 2006)). The testimony on which the Reconsideration Motion is premised could have been known by Colon or his counsel long ago by exercising diligence.

Finally, Colon is not entitled to a *Franks* hearing, as he has failed to make a substantial preliminary showing that the affidavit supporting the wiretap contained a false statement, made

---

[4] While the Court observed at the hearing on Colon's earlier motion to suppress that new arguments could be considered if good cause was shown, it also warned Colon that "[t]he time to file a motion to suppress has passed" and, if he tried to file again, he "may well encounter a significant burden in terms of timing, particularly if there is a strong argument that it should have been presented already." (D.I. 193 at 86) Colon's Reconsideration Motion does not demonstrate good cause for the timing of its filing.

knowingly or with reckless disregard for the truth, that is material to the probable cause finding. *See United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006). The statements Colon identifies are not contradictory or even inconsistent. The affidavit reports that CS-1 identified Colon as the source of certain cocaine while the testimony in *Boney* indicates that Boney identified a Mexican cartel as the "reported" source. As the government points out, "[n]o one in the wiretap affidavit ever alleged that Colon manufactured cocaine himself, so necessarily he would have to source the cocaine from somewhere." (D.I. 226 at 3-4) There is no inconsistency in a narrative that traces particular drugs from a Mexican cartel through Colon.

Accordingly, Colon's Reconsideration Motion is denied.

3.     By his Omnibus Motion, Colon argues that "arresting officers lacked probable cause that Colon had committed a felony at the time of his arrest, his arrest without a warrant was illegal[,] and all fruits from this illegal arrest must be suppressed." (Omni. Mot. at 1) The evidence he seeks to suppress consists of: (i) statements he made on May 6 and 11, 2017; (ii) evidence seized from his vehicle; (iii) evidence seized pursuant to consent searches executed at two addresses and three storage units; (iv) evidence seized from a TD Bank safe deposit box; and (v) all evidence acquired as a result of forensic analysis conducted on his cell phones. (*Id.*) He further contends that even if his arrest was lawful, three subsequent searches and seizures – the search of Colon's car on May 6, 2017; (ii) the consent search of one of the addresses on May 8, 2017; and (iii) the consent search of one of the storage units – were unlawful. (*See id.* at 2) He seeks suppression or, alternatively, an evidentiary hearing. (*See id.* at 14)

The Court agrees with the government that Colon's May 6, 2017 arrest and search of his truck were supported by probable cause (which is more than is needed for the search of the

vehicle).[5]  (*See* D.I. 229 at 1)  An officer may arrest someone without a warrant when there is

probable cause – i.e., a "fair probability" – to believe that the person has committed a felony.

*United States v. Watson*, 423 U.S. 411, 417 (1976); *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir.

2000).  Whether the facts and circumstances in the officer's knowledge amount to probable

cause is judged by an objectively reasonable standard.  *See, e.g.*, *Maryland v. Garrison*, 480 U.S.

79, 87-88 (1987); *Wilson*, 212 F.3d at 789-90.  In addition, a search of someone's vehicle

incident to an arrest is lawful "when it is reasonable to believe that evidence of the offense of

arrest might be found in the vehicle."  *Arizona v. Gant*, 556 U.S. 332, 335 (2009).

As the government writes:

> When law enforcement pulled over Colon's truck and arrested him
> on May 6, 2017, officers knew the following:
>
> • Colon was convicted of trafficking in cocaine in Delaware
> Superior Court and spent approximately four years in prison from
> 2003-2007;
>
> • Law enforcement stopped Colon near Miami, Florida in 2009 in
> possession of approximately $32,000, which was seized after a
> drug-sniffing canine alerted for the presence of drugs;
>
> • Cooperator and confidential sources identified Colon as dealing
> cocaine for many years;
>
> • Based on intercepted phone calls, law enforcement believed
> Colon planned to supply kilograms of cocaine to Josue Torres in
> February 2017;
>
> • Days later, Colon discussed the fact that he did not sell Torres
> heroin but "would have sold him coke" on a phone call with
> Shakira Martinez;

---

[5] Therefore, the Court will not reach the issue of whether the evidence recovered from
Colon's truck is admissible also on the grounds of inevitable discovery, as the government
argues.  (*See* D.I. 229 at 1)

• Between February 2017 and April 2017, Colon communicated
with a California telephone number using his "burner phones" –
phones with frequently-changing phone numbers used primarily to
communicate with other previously convicted drug dealers;

• The user of the California telephone number, Mohamed Aviles-
Camberos, had just travelled across the country from the West
Coast and arrived at the Red Roof Inn in Newark, Delaware on the
morning of May 6, 2017 with another man (Roque Valdez);

• Cocaine distributed on the East Coast frequently comes from
border states like California8;

• Aviles-Camberos and Valdez travelled from California in early
May 2017 and checked into the Red Roof Inn in Newark,
Delaware at 10 p.m. on May 5, 2017, approximately 10 miles away
from Colon's home;

• A drug-sniffing dog indicated that drugs were present in Valdez's
truck on the morning of May 6, 2017;

• Colon arrived at the parking lot of the Red Roof Inn that morning
in his truck and Valdez and Avilez-Camberos got inside; and

• Both Valdez and Aviles-Camberos entered Colon's truck empty-
handed; Valdez left the truck several minutes later with a black
duffle bag, and fifteen minutes after that Aviles-Camberos left the
truck carrying a second large black duffle bag.  Aviles-Camberos's
bag appeared to be heavy.

(D.I. 229 at 2-3 (internal footnotes and citations omitted); *see also* D.I. 177 Ex. A ¶¶ 1-9, 181-95;

D.I. 2 ¶¶ 7, 9-17; D.I. 229 Ex. A at 2)

As the government adds, at the time law enforcement searched Colon's truck incident to

its arrest of him, "there was probable cause for officers to believe the truck contained evidence of

cocaine dealing."  (D.I. 229 at 10)

Indeed, police believed that Colon drove that truck to a drug deal,
met inside his truck with two men who had drugs in their truck
parked several yards away, and gave each of those men a heavy
bag.  His truck could reasonably be expected to contain (among

> other evidence) more money, possibly drugs, and cell phones
> containing drug-related communications.

(*Id.*)  The search was conducted immediately after the arrest.  Given the facts and circumstances

leading to the arrest, including (as discussed above) that the officers believed Colon had driven

his vehicle to a drug deal, met with two men who had drugs in their nearby vehicle, and gave

those men a heavy duffel bag, Colon's vehicle reasonably could have been expected to contain

evidence of a drug-related offense.

These findings moot the remainder of Colon's Omnibus Motion.  Even if this were not

the case, the Court further agrees with the government that all other evidence recovered on May

6, 2017 is attenuated from the arrest and supported by other independent sources, for the reasons

explained by the government.  (*See* D.I. 229 at 11)

Colon has also failed to raise a material dispute as to the purported non-consensual,

warrantless search of 4010 Kirkwood-St. Georges Road on May 8, 2017.  There is no basis in the

record to doubt the government's evidence that no search actually took place on May 8 but that,

instead, the search in question occurred on May 9, pursuant to a warrant.  The references in the

record to May 8 are typographical errors.  (*See* D.I. 229 Ex. F; *see also* D.I. 229 at 1-2, 11-12)

Finally, it was not unlawful for law enforcement to search the storage unit, after they had

obtained consent for such a search from Ms. Nilsa Martinez (Colon's mother-in-law), the only

individual whose name was on the lease, and after Colon had disclaimed any connection to the

unit.  (*See* D.I. 229 at 12-15)  Colon has failed to show that he had a reasonable expectation of

privacy in the unit.  The agents were reasonable in relying on Ms. Martinez's consent.  Further,

law enforcement could anyway have reasonably treated the unit as abandoned property, a search

of which does not require either a warrant or consent.  Hence, the lawfulness of this search is

further supported by the doctrines of good faith and inevitable discovery.  (*See id.* at 15-16)

Accordingly, the Omnibus Motion is denied.

4.     By his Letter Motion, Colon requests that the Court stay its decision regarding his

pending motions and provide him additional time to file evidence in support of those motions; he

also seeks pretrial release.  (D.I. 245)  Both portions of the Letter Motion are denied.

Colon's request for time to file additional evidence is now moot as the Court has, by the

instant Memorandum Order, denied each of the motions to which he was referring.  Colon has

had ample opportunity to review discovery relating to his pretrial motions and to present the

Court with evidence in support of his motions.  The record demonstrates that Colon's previous

and current counsel have worked diligently with the government and Colon to file thorough

pretrial papers with the Court.  (*See, e.g.*, D.I. 154, 155, 180, 185, 197, 198, 216, 217, 238)  As

the government writes: "Protective orders allowing the release of materials into the FDC have

been modified for this particular defendant since August 2018.  [Current counsel] informed the

government that her office had someone meet with Colon at [FDC Philadelphia ("FDC")] on a

weekly basis (until March 2020) to review all of the discovery materials."  (D.I. 249 at 2)

Colon's contention that "prior and current counsel misused the extensions afforded to them and

neglected their duty to investigate and bring forth material evidence" is without merit.  (D.I. 245

at 1)[6]

---

[6] Still pending is Colon's motion to suppress evidence of contents of wire
communications (D.I. 238), filed on April 14, 2020, to which the government has not yet filed a
response.  The Court also has before it Colon's supplement to his Reconsideration Motion.  (D.I.
248)  It does not appear that anything about either of these filings has any material impact on the
rulings the Court is issuing today.  The parties are directed to promptly advise the Court whether

Colon seeks temporary release from pretrial detention at FDC on the basis that he is having difficulties preparing his case for trial due to restrictions imposed as a result of COVID-19.  (D.I. 245 at 1-2)  Co-defendant Shakira Martinez supports Colon's request.  (*See* D.I. 251 at 1)

Based on the charges pending against Colon, the law presumes that "no condition or combination of conditions will reasonably assure the appearance of the person [i.e., Colon] as required and the safety of the community."  18 U.S.C. § 3142(e)(3).  It is Colon's burden to rebut this presumption.  *See United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986).

In evaluating whether to detain, the Court is required to consider:

> (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*United States v. Delker*, 757 F.2d 1390, 1398-99 (3d Cir. 1985) (citing 18 U.S.C. § 3142(g))

Applying these standards in May 2017, the Magistrate Judge detained Colon pending trial.  (*See* D.I. 5)

Colon's Letter Motion request arises under 18 U.S.C. § 3142(i), which provides that a Court may order the "temporary release" of a pretrial detainee "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

---

they intend to file additional briefing or seek any further proceedings with respect to D.I. 238 and/or 248.

Colon does not argue in the Letter Motion that any circumstances relevant to his pretrial detention have changed other than COVID-19 and its impact (particularly at the FDC). (*See* D.I. 245) He asserts that he "do[es] not pose a danger to the community" and has "strong familial and community ties," adding that he "do[es] not pose a flight risk" due to current "'stay-at-home' orders, limited finance[,] and flight restrictions." (Letr. Mot. at 2) The Court, however, agrees with the government, which writes in opposition:

> For Colon, the existence of his prior drug conviction and the nature and circumstances of his conduct that prompted a conspiracy charge to distribute 77 kilograms of cocaine along with other charges were sufficient to warrant detention starting in May 2017. If convicted, Colon faces a mandatory minimum of 10 years' incarceration, and the Guideline range accompanying his charged offenses calls for a much longer term. The risks to public safety and of non-appearance should Colon be released are unchanged, and Colon does not articulate how COVID-19 changes the basis for his continued detention.

(D.I. 249 at 2-3)

Colon argues that the prison's mitigation efforts related to COVID-19 "severely prohibit [his] ability to adequately prepare for trial and proceed pro se," noting that "the ability to review discovery . . . at FDC is unachievable." (Letr. Mot. at 2) The Court does not agree. Colon has had regular and extensive access to discovery. The pretrial phase of this case has lasted three years at this point. Two more months remain before trial. Colon can be adequately prepared for trial while remaining detained.[7]

Accordingly, Colon's request for temporary release is denied.

May 6, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[7] This is all the more true if Colon continues to allow counsel to represent him. The Court will address Colon's request to proceed *pro se* at tomorrow's hearing.