IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                                       ) | |
| Plaintiff,         ) | |
|                                                       ) | |
| v.                                               ) | Crim. No. 17-47-LPS-1 |
|                                                       ) | |
| OMAR MORALES COLON             ) | |
|                                                       ) | |
| Defendant.      ) | |

## MEMORANDUM ORDER

At Wilmington this **11th** day of **August, 2020**, having considered Defendant Omar Colon's Motion to Suppress Wiretap Communications Pursuant to Delaware Code Title 11, Crimes and Criminal Procedure §§ 2407(g)(4)-(5) and § 2407(i) ("Wiretap Motion" or "Wiretap Mot.") (D.I. 238), and Defendant Omar Colon's Supplement to Motion for Reconsideration of Order Denying Motion to Suppress ("Supplement Motion") (D.I. 248), as well as the various responses and related filings (*see, e.g.*, D.I. 259, 260, 263),

**IT IS HEREBY ORDERED** that both the Wiretap Motion and Supplement Motion (D.I. 238, 248) are **DENIED**, as further explained below.

1. In his Wiretap Motion, Colon seeks to suppress wire communications and any evidence derived therefrom, on the basis that the government failed to serve notices of inventory upon the individuals named in the Application of Inventories, including Colon, as required by statute. (Wiretap Mot. at 1; *see also* 11 Del. C. §§ 2407(g)(4) & (5), § 2407(i))  Colon argues that in each Application of Inventory, he was identified as an individual to be notified of the

1

wiretap order, which makes him an aggrieved person under § 2401 and, therefore, confers standing to him to make his motion. (Wiretap Mot. at 5)

The government responds on procedural and substantive grounds. Procedurally, the government argues that Colon's motion is untimely filed (more than two months after the pretrial motions deadline) without good cause and, thus, should be denied on that basis. (D.I. 259 at 2-4) On the merits, the government argues that Colon's motion fails because (i) he lacks standing to challenge certain wiretaps because his voice did not appear on those interceptions; (ii) he was provided with actual notice of the wiretaps of his phone lines before the inventory notices became due; and (iii) he has failed to show incurable prejudice resulting from any notice delays. (*Id.* at 4-10)

As an initial matter, the Court agrees with the government that Colon's motion is untimely, and that this provides a sufficient basis to deny the motion. Suppression motions must be filed by the pretrial motions deadline – a deadline that was extended several times in the instant case. *See* Fed. R. Crim. P. 12(b)(3)(C). Any motions not filed by the pretrial motions deadline are deemed waived, although they may be considered if good cause is shown. *See* Fed. R. Crim. P. 12(c)(3); *United States v. Fattah*, 858 F.3d 801, 807 (3d Cir. 2017). Here, Colon attempts to show good cause for filing the untimely motion based on his not receiving the inventory notice orders in discovery until January 29, 2020. (Wiretap Mot. at 6-7) But this motion is Colon's third attempt to suppress the wiretap, and his explanation does not provide good cause for failing to file the instant motion until April 14, 2020.

In any event, turning to the merits of the Wiretap Motion, there are additional grounds to deny it.

2

Two categories of wiretaps are at issue here: wiretaps on phones belonging to Torres and Watson, and wiretaps on Colon's phones. The state prosecutor filed extension orders on all of the Torres/Watson/Colon wiretap orders in August 2017, three months after the last authorized interception on TT5. (D.I. 259 at 5 n.3)

The Court agrees with the government that Colon lacks standing to challenge the Torres/Watson wiretaps because his voice did not appear on those interceptions. Federal law applies to disputes involving state wiretaps giving rise to "evidence questions in federal criminal cases." *United States v. Williams*, 124 F.3d 411, 428 (3d Cir. 1997). In particular, "Title III governs suppression of evidence of interceptions offered in a district court trial." *United States v. Jackson*, 849 F.3d 540, 550 (3d Cir. 2017). In the wiretap context, traditional Fourth Amendment principles apply to standing issues. *See Alderman v. United States*, 394 U.S. 165, 176 (1969) (discussing standing in the surveillance context).

Applying these principles here, Colon lacks standing to challenge any late inventory notices with respect to the Torres/Watson wiretaps. Colon's calls were not intercepted on the Torres/Watson wires. References to Colon and drug activity throughout those wiretaps are not enough to confer standing. Thus, Colon's motion with respect to those wiretaps fails.

Colon has standing with respect to the wiretaps on his own phone lines. But his Wiretap Motion lacks merit with respect to that challenge (and would fail with respect to his challenge to the Torres/Watson wires, even if Colon had standing to press them). Colon's post-arrest interview on May 6, 2017, and the government's production of the wiretaps orders, applications, and affidavits to Colon's attorney on June 22, 2017, constituted actual notice to Colon of the wiretaps before the notice deadline. Because the wiretap on TT5 continued through May 2017 (even though the wiretaps on TT6, TT7, and TT8 ended before that date), the state's view was

that inventory notices for the wiretaps on TT5, TT6, TT7, and TT8 were due 90 days after May 3, 2017.  (D.I. 259 at 8)  After the state prosecutor sought a 30-day extension on August 2, 2017, the inventory notices were sent before that extension expired.  (*Id.*)  Colon was arrested on May 6, 2017 and, later that day, was interviewed by agents.  (*Id.* at 9)  During that post-arrest interview, the agents referred to the wiretap and specific conversations Colon had participated in on his phones during the period of the wiretaps.  (*See, e.g.*, D.I. 225 Ex. A at 53) ("[W]e're listening to the [] phones.")  The discussion between Colon and the agents during his post-arrest interview and the subsequent production of wiretap materials to Colon's attorney on June 22, 2017 provided Colon adequate actual notice long before the 90-day notice deadline.  *See United States v. Vento*, 533 F.2d 838, 863-64 (3d Cir. 1976).

The Court further agrees with the government that Colon has failed to show that any delay prejudiced him, meaning that a failure to provide timely inventory notices (had that occurred) would not warrant suppression.  *See United States v. Donovan*, 429 U.S. 413, 438-39 (1977) ("[W]e do not think that postintercept notice was intended to serve as an independent restraint on resort to the wiretap procedure.").  Here, trial has not yet occurred; it is presently scheduled for October 13, 2020.  Each of Colon's attorneys has been aware of the wiretaps since May 2017, providing nearly 3 ½ years to deal with this evidence.  (*See* D.I. 259 at 9-10; D.I. 263 (not disputing this assertion); *see also* D.I. 154)

Accordingly, Colon's Wiretap Motion is denied.

2.     Colon's previous motion for reconsideration (D.I. 216), which the Court denied on May 6, 2020 (D.I. 258), was based on what he characterized as "newly discovery evidence which plainly proves that CS-1's claim that Defendant Colon was the source of cocaine found in his possession when he was arrested on November 7, 2010 was false."  (D.I. 248 at 1)  The

Supplement Motion focuses on three more "false allegations" Colon has identified in the affidavit submitted in support of wiretap applications, which Colon argues provide additional support for his reconsideration motion:

- That Colon and Torres participated in phone calls on 1/27/17 and 1/28/17 between Colon's cell phone and Torres's girlfriend's cell phone – Colon argues the phone calls are not reflected in the phone records (D.I. 248 at 2) (citing *id.* Ex. A);

- That Colon sold two properties to Torres at a cost well below expected market value – Colon argues that the deeds (*id.* Exs. B & C) reflect that one property has always been owned by Torres's parents (not Colon or Zemi Property Management), and the other is owned by Torres's son (though Zemi originally held the mortgage until it was satisfied in 2014) (*id.* at 2-3);

- That Colon was convicted in 2001 of trafficking in cocaine over 100 grams – Colon argues he was actually convicted of trafficking in 5-50 grams of cocaine (*id.* at 3-4).

Colon argues that these "misrepresentations," in addition to the one which was the focus of the original motion for reconsideration, demonstrate that the affidavit failed to establish probable cause. (*Id.* at 4) In addition to suppression, Colon seeks a hearing regarding the facts relevant to the probable cause determination. (*Id.*)

As with the Wiretap Motion, the government responds on both procedural and substantive grounds. Procedurally, the government argues that the motion should be denied because it is untimely and fails to demonstrate good cause for its late filing. (D.I. 259 at 2-4) Substantively, the government argues that (i) none of the three statements identified by Colon in the affidavit were material to the probable cause finding, and (ii) two of those statements at issue are accurate. (*Id.* at 11) ("As with prior attempts to comb through a thorough, 120-page affidavit for minor misstatements, defendant Colon's arguments fail.")

5

Colon does not offer any argument for good cause in his brief, and the Court agrees with the government that none exists. As the wire affidavits were produced to Colon long ago, as were the documents Colon attaches as exhibits,[1] there is no excuse for his delay and for not bringing these arguments by the pretrial motions deadline. (*See* D.I. 259 at 4) ("The Supplement alleges false statements in the wire affidavits, all of which were produced to defendant Colon more than two years ago, as were the documents that are attached to this Motion.")

Nevertheless, even considering the merits, Colon's motion fails. The Court will address in turn each of the statements Colon identifies in his motion.

*Phone Records*

The redacted phone records submitted by the government indicate that the phone contact referred to in the warrant affidavits did in fact occur. (D.I. 259 Ex. A) Colon does not dispute the veracity of those phone records in his reply brief.

*2001 Conviction*

The excerpt from Colon's criminal history shows that Colon was indicted for trafficking over 100 grams of cocaine and convicted of trafficking 50-100 grams. (D.I. 259 Ex. C) Colon was caught with over 400 grams of cocaine. (*See id.*) Colon does not dispute the veracity of the excerpt in his reply brief.

*Properties Related to Torres*

The records submitted by the government indicate that Zemi Property Management ("Zemi") had mortgages on both properties associated with Torres. (*See* D.I. 259 Ex. B) In his reply, Colon maintains that the statement in the affidavit – that Zemi was the lienholder of both

---

[1] Colon does not dispute this representation or otherwise argue that the timing of production caused the delay in filing his motion. (*See generally* D.I. 263)

the properties and Torres is the primary owner/resident – is false and the government has failed to show otherwise. (D.I. 263 at 1-2) Colon does not dispute that Zemi originally held the mortgage at one of the properties (4784 South DuPont Parkway); he disputes that Torres ever owned or resided at that property. (*Id.* at 2)

To obtain an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), Colon must make a "substantial preliminary showing" that the challenged statement was false, made knowingly or with reckless disregard for the truth, and material to the probable cause determination. *Id.* at 155-56; *see also United States v. Yusuf*, 461 F.3d 374, 383 & n.8 (3d Cir. 2006) ("In order to make this preliminary showing, the defendant cannot rest on mere conclusory allegations or a mere desire to cross-examine, but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses.") (internal quotation marks omitted). Colon has failed to meet this burden.

Colon has failed to make a substantial preliminary showing that the challenged statements were made knowingly or with reckless disregard for the truth. *See id.* at 383. For example, regarding Torres and the two properties, Colon asserts that "[t]he affiant's motive to include these inflammatory, unsubstantiated, and untrue claims as fact in the Affidavit is obvious: it was an attempt to create a link between Zemi Property Management and Josue Torres – a person suspected of being actively involved in the distribution of cocaine and heroin – when there was none[; a]nd the need to fabricate such a link was equally as obvious: to bolster the weak factual basis set forth in the Affidavit of Probable Cause." (D.I. 263 at 2) The record evidence does not support Colon's assertions. (*See also* D.I. 259 at 11 n.7) (outlining the link between Torres and the two properties) Similarly, Colon has failed to make a substantial

preliminary showing that the contested facts – namely, the details of Colon's prior cocaine conviction and the precise nature of the relationship between Torres and the two properties – are material to the probable cause finding. To the contrary, the Court is persuaded that neither of these alleged falsities – alone or in combination – even if proven false, are material in view of the totality of the statements in the "thorough, 120-page" Affidavit.

For all of these reasons, the Court will deny Colon's Supplement Motion.

                                                HONORABLE LEONARD P. STARK
                                                UNITED STATES DISTRICT JUDGE