IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Crim. No. 17-47-LPS-1 |
| | : | |
| OMAR MORALES COLON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM ORDER**

Pending before the Court are three motions filed by Defendant Omar Morales Colon: a Motion for a Bill of Particulars (D.I. 483), a Motion to Disclose the Identity of Confidential Informants (D.I. 497), and a Motion to Appoint Counsel (D.I. 505).

Having carefully considered Colon's and the government's briefing in relation to all three motions (*see* D.I. 483, 492, 497, 505, 508, 513), and for the reasons given below, **IT IS HEREBY ORDERED** that Colon's Motions (D.I. 483, 497, 505) are **DENIED**.

**Motion for a Bill of Particulars**

Colon requests that the Court exercise its discretion to "direct the government to file a bill of particulars" under Federal Rule of Criminal Procedure 7(f). The Second Superseding Indictment sets forth multiple counts, but Colon's motion appears to focus only on Count V, which charges Colon with participating in a money laundering conspiracy that existed from November 2009 until May 6, 2017 and involved the proceeds of a conspiracy to manufacture and distribute controlled substances. (D.I. 96 ¶ 19) Colon seeks an order requiring the government to (i) disclose the identity and quantity of the controlled substances distributed from November 2009 to November 2016; (ii) disclose the identity of the controlled substances manufactured

1

from November 2009 to November 2016; and (iii) identify the known co-conspirators involved with the manufacturing and distribution of the controlled substances and with the conspiracy to conduct unlawful financial transactions. (*See* D.I. 483 at 7)

"The purpose of [a] bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012). Where an indictment fails to perform these functions, a bill of particulars serves to "fill in the holes in [that] indictment." *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 433 (3d Cir. 2016). However, a bill of particulars is not a discovery device and "is not intended to provide the defendant with the fruits of the government's investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).

Here, the indictment provides sufficient information to allow Colon to adequately prepare his defense. It informs Colon that he is charged with violating 18 U.S.C. § 1956(a)(1)(B)(i), lists the elements of a violation under that statute, and specifies the time period during which the alleged violations occurred. *See United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012), *abrogated on other grounds by Rehaif v. United States*, 139 S. Ct. 2191 (2019). It also describes the conspiracy in detail, alleging that Colon, his wife, and others invested drug proceeds into enumerated real estate properties and explaining how those properties were purchased. (*See* D.I. 96 ¶¶ 20-30) When charging a conspiracy, the government need not precisely identify the roles of the defendant and his alleged co-conspirators, nor must it identify all of the overt acts it intends to prove. *See United States v. Boffa*, 513 F. Supp. 444, 485 (D. Del. 1980). Accordingly, the indictment is sufficiently specific.

Moreover, Colon's complaints about the indictment's failure to provide the elements and

underlying facts of the "specified unlawful activity" (i.e., the drug distribution and manufacturing conspiracy in violation of §§ 846 and 841(a)(1)) are inapposite. (*See* D.I. 483 at 4-5) As the government notes, where the alleged transactions are part of a broader illegal laundering scheme, the prosecution need not trace the transacted funds to a distinct "specified unlawful activity" to prove its Section 1956 case. (*See* D.I. 492 at 6-7) (citing *United States v. Arden*, 433 F. App'x 127, 130 (3d Cir. 2011))

Further, the government has provided Colon with substantial discovery, including real estate and bank documents, demonstrating how various properties were purchased, as well as copies of wire affidavits detailing the DEA's long-term investigation of Colon's drug trafficking. (*See id.* at 4) ("The government has not only produced the underlying bank documents, but it has produced a truncated subset of [the] most important documents, referred to as the 'Money Laundering Binder,' that focuses on the documents that trace funds from their initial deposit into a bank account to the purchase of real estate, in some cases following the funds as they flow through other intermediate accounts.") As Colon's own motion acknowledges, the government produced "voluminous financial documents" related to Count V. (D.I. 483 at 4) "This access to discovery further weakens the case for a bill of particulars here." *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005).

The Court agrees with the government:

> Over three years have passed since the government charged defendant Omar Morales Colon with a broad-ranging money laundering conspiracy, among other offenses. The Second Superseding Indictment describes Colon's money laundering conspiracy in detail. Since that time, the government has produced thousands of documents in discovery that provide Colon with support for [the] government's allegations against him. Now, the defendant is requesting that the Court compel the government to itemize its case-in-chief for the defendant in the form of a Bill of Particulars. That level of specificity is not what is required in a

charging document.

(D.I. 492 at 1)

In sum, the indictment and the discovery produced by the government provide Colon with more than enough to inform him of the charges alleged against him and to permit him to prepare his defense. A bill of particulars is therefore unnecessary. Colon's motion is DENIED.

**Motion to Disclose the Identity of Confidential Informants**

Colon seeks an order requiring the government to disclose the identity of its confidential informants and provide access to those informants once their identities are known. Specifically, he seeks disclosure of the identity of individuals who will testify as to his drug distribution conduct between 2009 and 2017. (D.I. 497 at 1-3) The government responds that Colon is entitled to this information ahead of the trial currently set for April 2022, but his request is premature. (D.I. 508 at 1) The Court agrees.

The government states that, "[c]onsistent with the first trial, [it] will commit to disclosing the identities, criminal histories, and statements of testifying witnesses two weeks prior to trial, on or before April 4, 2022." (*Id.* at 2) The Court finds this timeline appropriate considering its duty to balance Colon's right to timely access to the identities of those testifying against him with the need to preserve those testifiers' safety (which in turn promotes the public interest in effective law enforcement). *See Roviaro v. United States*, 353 U.S. 53, 59-62 (1957). In balancing these competing interests, the Court has considered the fact that Colon has – on more than one occasion – named believed cooperators in public filings and in open court. (*See, e.g.*, D.I. 497 at 2; May 27, 2021 Tr. at 15) Additionally, the government reports that "several individuals who were originally amenable to testifying against Colon over the years have backed out of intended testimony due to safety concerns." (D.I. 508 at 3) Moreover, notwithstanding

4

the relative complexity of this case, which the Court has also considered, the government's proposed timeline does not create any undue delay. Instead, in the Court's view, if disclosure is made two weeks before trial, Colon will have ample time to effectively use that information at trial. Accordingly, even if the information sought is *Brady* material (*see id.* at 2 n.1), the government's proposed timeline helps ensure Colon's due process rights to a fair trial are preserved. *See generally United States v. Higgs*, 713 F.2d 39, 43-44 (3d Cir. 1983) ("No denial of due process occurs if *Brady* material is disclosed . . . in time for its effective use at trial.").

Accordingly, the Court hereby ORDERS the government to disclose the identities of its testifiers by no later than two weeks before trial, and DENIES Colon's motion.

**Motion to Appoint Counsel**

Colon requests that the Court reconsider its finding of waiver by conduct and appoint new counsel, yet again. The Court will not do so.

During Colon's first trial, for reasons that are explained in detail in the record, the Court determined that Colon had waived his right to counsel by conduct. (*See, e.g.*, D.I. 466 at 806-46; D.I. 465 at 758-94; D.I. 285 at 8-32; D.I. 286; D.I. 302 at 7-23; D.I. 343 at 3; D.I. 374) The Court's finding was based, in part, on the creation, during trial – by Colon and/or members of his family – of conflicts of interest for appointed counsel. (*See* D.I. 466 at 830-31) For example, the Court pointed to: (1) statements Colon made in court that, in the Court's view, were intended to demean and humiliate his trial counsel; (2) his daughter's filing of a disciplinary complaint against Colon's trial counsel, in the middle of trial, which expressly stated that it was filed on Colon's behalf; and (3) Colon's wife's discovery and disclosure, during trial, of trial counsel's administrative suspension. (*See id.* at 830-31, 837-38; *see also* D.I. 508 at 4-5 ("Colon's pattern of engendering conflict with his attorneys culminated in September 2021, when his last-

5

appointed counsel asked to be excused halfway through trial after being accused in open court and in a state licensing filing of unsubstantiated conduct incredibly deleterious to her reputation."))

Another major factor guiding the Court's decision was Colon's history with his court-appointed attorneys, which is also well-documented in the record. (*See, e.g.*, D.I. 466 at 830-31, 837-38, 842; D.I. 374 at 1-3 & n.1)  The attorney who had to leave the case in the middle of Colon's first trial was the fifth attorney the Court has appointed to represent Colon over the course of this lengthy litigation. (*See* D.I. 380; May 27, 2021 Tr. at 4; *see also* D.I. 374 at 1 n.1)

The Court's reasoning during trial continues to carry force today. Colon's conduct, by which he waived his right to representation by counsel, has not been washed away by the jury's verdict at the first trial. Although the circumstances prevailing today differ from those the Court encountered during the first trial – for instance, there are still nearly two months for counsel to prepare for the upcoming trial, if the Court were to appoint new counsel, while during trial the Court required new standby counsel to appear on mere hours' notice – the history here gives the Court sad confidence that appointing new counsel will simply result in a repeat of the same type of issues that have arisen, repeatedly, before.

As the Court stated in explaining its ruling during the first trial:

> I have no confidence, none, that if I were to appoint new counsel that these or very similar issues would not arise once again. That is, I believe firmly that these issues would happen all over again. We would be right where we are now, six months down the road, with a new lawyer, and a deteriorating relationship between Mr. Colon and counsel. We went through this with Mr. Ortiz. We went through this with Ms. Cinquanto. We've now gone through it with Ms. Chavar.

(D.I. 466 at 842)

Notwithstanding Colon's apology to Ms. Chavar and his efforts to distance himself from

6

his family's conduct (*see* D.I. 513 at 3), the Court's view remains unchanged.

The Court recognizes – as does the government (*see* D.I. 508 at 6) – that appointing counsel to assist Colon with the upcoming trial, assuming a cooperative relationship were to exist and persist between Colon and such counsel, would be beneficial.[1] But the Court cannot make that assumption. Colon's tumultuous history with three former appointed attorneys persuades the Court that any relationship with future counsel would prove, in time – and, most likely, at a most inopportune time for the interests of justice – to be equally unworkable.

For the foregoing reasons, the Court continues to find that Colon has waived his right to counsel by conduct. Colon's motion, therefore, is DENIED.

February 18, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that standby counsel from the Federal Public Defender's Office has continued to assist Colon since the first trial (*see, e.g.*, D.I. 473 at 7) and is expected to do so through the upcoming trial as well. The Court again expresses its gratitude to the Federal Public Defender for providing this assistance, particularly as it began with no notice to her office.