IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Crim. No. 17-47-LPS-1 |
| OMAR MORALES COLON, | : |
| Defendant. | : |

## **MEMORANDUM ORDER**

At Wilmington this 7th day of March, 2022, having considered Defendant Omar Morales Colon's Motion for Judgment of Acquittal on Count I or, in the Alternative, a New Trial on Count I (D.I. 449); Motion for Judgment of Acquittal on Count IV (D.I. 450); Supplemental Motion for Judgment of Acquittal or, in the Alternative, a New Trial (D.I. 510); Second Supplemental Motion for a New Trial (D.I. 515); and the government's response (D.I. 522),

**IT IS HEREBY ORDERED** that, for the reasons given below, Colon's motions (D.I. 449, 450, 510, 515) are **DENIED**.

## BACKGROUND

On September 27, 2021, a jury found Colon guilty of conspiracy to distribute five kilograms or more of cocaine (Count I of the Indictment) and possession with intent to distribute marijuana (Count IV of the Indictment). (*See* D.I. 429) During trial, after the close of the government's case, Colon had moved pursuant to Federal Rule of Criminal Procedure 29 for a judgment of acquittal. (*See* D.I. 467 at 1043-44) At that time, Colon did not articulate his reasons for seeking acquittal. (*See id.*) The Court denied Colon's motion. (*Id.*) Following trial, Colon filed the pending motions.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 29(a) provides that a defendant may move for "judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." In considering a Rule 29 motion, the Court "must review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (internal quotation marks omitted). The government may defeat a sufficiency of the evidence challenge on circumstantial evidence alone. *See United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008). In assessing such a challenge, the Court must "view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Lacy*, 446 F.3d 448, 451 (3d Cir. 2006). The Court must not "usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *Brodie*, 403 F.3d at 133. Thus, the defendant bears a "very heavy burden" when challenging the sufficiency of the evidence supporting a jury verdict. *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995). A "finding of insufficiency should be confined to cases where the prosecution's failure is clear." *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) (internal quotation marks omitted).

Federal Rule of Criminal Procedure 33(a) provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Pursuant to Rule 33(a), a district court may order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence, but only if it "believes that there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Brennan*,

326 F.3d 176, 189 (3d Cir. 2003) (internal quotation marks omitted).  Although the decision to grant a new trial is discretionary, *see United States v. Noel*, 905 F.3d 258, 270 (3d Cir. 2018), "[m]otions for a new trial based on the weight of the evidence are not favored," *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987).  Such motions should be granted "sparingly and only in exceptional cases." *Derricks*, 810 F.2d at 55.

## DISCUSSION

Colon seeks to invalidate the jury's verdict as to Counts I and IV, arguing primarily that the government's evidence as to those Counts is insufficient, inconsistent, or both.  Colon also identifies alleged deficiencies in the government's discovery materials that, in his view, warrant a new trial.  Additionally, Colon asserts claims of ineffective assistance of counsel and alleges he was deprived of a fair trial, due to the failings of counsel and for other reasons as well.

As the Court will explain, Colon has not met his "very heavy burden" under Rule 29 to demonstrate that the evidence presented at trial is insufficient to support the jury's verdict as to either Count on which he was convicted.  *Coyle*, 63 F.3d at 1243; *see also Iglesias*, 535 F.3d at 155 (describing burden as "extremely high").  Nor has Colon shown that this is an "exceptional case" in which the interests of justice require granting a new trial under Rule 33.  *Derricks*, 810 F.2d at 55.  Instead, the jury's convictions are well-supported by substantial evidence which was timely disclosed by the government and which Colon had a full and fair opportunity to challenge at trial.

First, Colon argues the evidence supporting his conviction as to Count I (conspiracy to distribute cocaine) is both insufficient to support the jury's verdict and inconsistent. (*See, e.g.*, D.I. 510 at 3-10)  With respect to the sufficiency of evidence, the jury heard expert chemist testimony, co-conspirator testimony, investigative testimony, and testimony regarding video and

3

cell phone records. (*See* D.I. 522 at 11)[1] As the government notes, the fact that Colon was acquitted on Count II (attempted possession with intent to distribute cocaine) – an offense involving different elements and considerations of proof – does not undermine the abundant evidence tying him directly to the conspiracy. (*See id.* at 2-6, 10-11 ("[T]he fact that the jury convicted Colon of some counts and not others shows that the jury was able to understand that the government had to prove different elements for each count and demonstrates that deliberations were thoughtful."))

Colon's arguments regarding potential cocaine subdistributors Devin Hackett and William Brisco do nothing to undermine the sufficiency of the evidence. Colon asserts that the government presented no evidence Hackett and Brisco were "known cocaine dealers." (D.I. 510 at 3) Moreover, there was no evidence these two alleged subdistributors were observed with cocaine or that they admitted to distributing cocaine with Colon. (*See id.* at 3-4) As the government explains, however, the guilty verdict did not depend on the jury believing Hackett

---

[1] Among much other evidence, the government rightly highlights in its response to the motions "the testimony of Colon's co-conspirator," Roque Valdez, summarizing:

> As the driver who drove seventy-seven kilograms of cocaine from California to Delaware on four occasions, Valdez testified at trial as to the nature, duration, and scope of the six-month conspiracy. He identified Colon as his co-conspirator to whom he delivered cocaine in Delaware on three prior occasions, and to whom he intended to deliver cocaine on the day of the arrests. Prior to and during Valdez's testimony, the government introduced business records from Valdez's four hotel stays at the Red Roof Plus hotel (exactly corresponding to the dates of his visits to Delaware to deliver cocaine to Colon), car rental records for trucks rented by Colon during those trips for Valdez and [co-conspirator Mohamed] Aviles Camberos to drive while in Delaware, as well as pictures taken from Valdez's own cell phone during his trips to Delaware.

(D.I. 522 at 2) (internal footnotes and other citations to evidence omitted)

and Brisco were involved in the conspiracy; rather, in revealing Colon's associations with Hackett and Brisco, the government aimed primarily to tie Colon's burner phones back to him. (*See* D.I. 522 at 11)  The jury did not have to believe that Hackett and Brisco distributed cocaine for Colon in order to find, based on the totality of the evidence, that Colon conspired to distribute cocaine.

As to Colon's argument that the wiretap evidence was insufficient to establish, through communications with Hackett and Brisco, which phones belonged to Colon, the Court again disagrees.  In reaching its verdict, the jury heard a recording of Colon's voice, which was corroborated by testimony from Homeland Security Investigations Special Agent Anthony Salvemini; text messages to Hackett and Brisco, planning meetings with Colon that were directly observed by surveillance officers; and additional text messages between Colon and Hackett. (*See id.* at 12)  The fact that testifying officers did not prepare notes or a report of their surveillance – a fact which defense counsel raised on cross-examination (*see* D.I. 464 at 652) – does little to weaken this evidence, particularly considering reports of the meetings capturing the officers' observations were produced to the defense (D.I. 522 at 12 n.12).  Similarly, Colon's post-trial challenge to the summary charts depicting captured phone communications (*see* GX 415-16) are both untimely (as they could have been raised pre-trial or during trial) and identify (at most) harmless error, considering the abundant additional evidence linking Colon to the alleged conspiracy (*see* D.I. 522 at 12 n.13).

Next, Colon challenges the expert testimony of Drug Enforcement Administration ("DEA") Resident Agent in Charge ("RAC") Philip Bernal, who testified as to (among other things) the meaning of the code word "fish scale" and the use of a hydraulic press.  (*See* D.I. 510 at 5)  Colon, acting *pro se* at this point in the trial, cross-examined RAC Bernal as to both topics

5

(*see* D.I. 467 at 994-95, 1011-13); before trial, the Court had heard extensive argument and made a detailed ruling as to the scope of RAC Bernal's testimony, including with respect to code words. (*See* Sept. 9, 2021 Tr. at 24-58; *see also* D.I. 413)  Colon does not appear to argue that RAC Bernal's testimony deviated from what the Court had ruled he would be permitted to testify.  Moreover, Colon's efforts to undermine RAC Bernal's testimony by directing the Court to a newly introduced online resource (*see* D.I. 510 at 5 n.9) and to present arguments he could have made during trial are unavailing.  The time to challenge a witness with such evidence was during trial.

Finally, Colon points to various alleged inconsistencies in the government's evidence linking him to certain phones used during the spring of 2017 and contends this evidence was prejudicial. (*See id.* at 6-10)  For example, Colon cites differences between the subpoenaed T-Mobile records and the Cellebrite reports in terms of the number of contacts made between Colon and his alleged supplier, Aviles Camberos.  (*Id.* at 7-8)  As the government notes, Colon was free to explore this inconsistency on cross-examination but opted not to do so.  (*See* D.I. 522 at 13)  Colon's suggestion that the government may have modified the T-Mobile files (which he contends are editable) to differ from the Cellebrite files (which purportedly cannot be edited) is unsupported.  (*See* D.I. 510 at 8-9)

The Court is not persuaded by Colon's lengthy discussion of file storage and movement in cell phones and applications like WhatsApp or Telegram.  (*See id.* at 9)  As the government notes, neither Newark Police Department Sergeant James Skinner nor DEA Investigative Research Specialist ("IRS") Patrick Campbell represented that the records upon which they relied exhaustively captured every instance of contact between Colon and others during the time period of the recordings.  (*See* D.I. 522 at 14 & n.16)  For the same reason, the Court is not

6

persuaded by Colon's argument that, since the records do not reflect a call between Colon and Aviles Camberos during May 2017, the jury should not have heard testimony from Valdez that he heard a conversation between the two in May 2017. (*See* D.I. 510 at 7)  Finally, the one-digit difference between TT9's IMEI number on the Cellebrite report and the T-Mobile record does not support invalidating the jury's verdict.[2]

Despite the existence of some minor inconsistencies, this evidence is not unfairly prejudicial, particularly considering the strong evidence that the nine phone lines discussed during trial belonged to Colon.  Among that evidence is testimony from IRS Campbell and others involved in the wire investigation; the recovery from Colon's person of a phone that IRS Campbell predicted Colon would be using; and the fact that the associated phone number communicated with Aviles Camberos in April 2017 to coordinate a drug delivery.  (*See* GX 117a, 120a)

Second, Colon argues the evidence supporting his conviction as to Count IV (possession of marijuana with intent to distribute) is insufficient to support the jury's verdict.  (*See* D.I. 450 at 2-5)  The Court disagrees.  Nearly 2,000 grams of harvested marijuana were found at Colon's home at 4010 Kirkwood St. Georges Road (*see* GX 27-30, 1156), along with a book about cultivating marijuana entitled "Cannabis Indica" (*see* GX 1162) and an operation consistent with a former marijuana grow (*see* D.I. 522 at 6-7).  The recovered, suspected marijuana was tested by a DEA lab and deemed to be marijuana.  (*See id.* at 7-8)  Much larger quantities of marijuana were also found in a storage unit in the name of Colon's mother-in-law, Nilsa Martinez.  (*See id.*)

---

[2] The Court disagrees with Colon that the only reasonable conclusion to be drawn from the one-digit difference in the phone's IMEI numbers is that the phone on which the Cellebrite extraction was performed was not the same phone seized from Colon during his May 6, 2017 arrest.  (*See* D.I. 515 at 5)

The government presented evidence that Colon paid rent for that storage unit and had accessed it on the morning of his arrest. (*See id.* at 7) Additional bags of marijuana were found in a storage unit rented by Colon's niece, Aixa Figueroa. (*See id.*) When Colon was arrested, agents found on his person keys to that storage unit. (*See id.*) Viewing all the evidence in the light most favorable to the verdict – as the Court must, in connection with Colon's Rule 29 motion – the jury's guilty verdict on Count IV was well-supported. Colon has not met his "very heavy burden" to demonstrate that acquittal under Rule 29 is warranted. *Coyle*, 63 F.3d at 1243.

Turning to Colon's Rule 33 motion, Colon argues that deficiencies in the government's discovery materials caused prejudice requiring a new trial. (*See* D.I. 510 at 12-15) For instance, he alleges the government's failure to produce statements made by Brisco and Hackett after their arrest and cell phone seizure was a *Brady* violation. (*See id.* at 12-13) He also complains that the Cellebrite reports and T-Mobile records were not produced in their entirety. (*See id.* at 13-15) The government counters that such reports and records *were* produced to Colon long ago. (*See* D.I. 522 at 15-16; *see also id.* at 15 ("A consistent theme throughout the years of prosecution of this case has been defendant claiming the government has not produced items that were, in reality, produced time and again.")) The government even re-formatted certain T-Mobile records so Colon could view them at the Federal Detention Center, and produced the lengthy Cellebrite reports to defense counsel in 2019, leaving ample time for review in advance of the September 2021 trial. (*See id.* at 16)

The Court agrees with the government that Colon's *Brady* challenges fall flat for multiple reasons. (*See id.* at 15-16) Most importantly, as the government notes, the arrest reports of Brisco and Hackett (who declined to be interviewed), the Cellebrite reports, and the T-Mobile records are not exculpatory in nature. (*See id.* at 16)

Nor has the government failed to disclose *Jencks* or *Giglio* material. Colon received all of the proffer statements and interviews given by Valdez in advance of trial, on September 2, 2021. (*See id.*) Although the government did not provide Valdez's criminal history – which includes one DUI conviction and two arrests that did not result in convictions – this was harmless error, as Valdez testified about his DUI conviction at trial, and the government would have objected (successfully) to a line of questioning regarding arrests that did not lead to convictions. (*See id.*)

Colon argues further that the government failed to produce additional impeachment evidence relating to Valdez, including copies of Valdez's "multiple drivers' licenses," purportedly "damaging pictures and comments" from Valdez's Facebook account, and a history of traffic violations and eviction judgments in Arizona. (*See* D.I. 515 at 6; D.I. 510 at 10) The government counters that it "was not in possession of this evidence, and learned of these items for the first time in the defendant's filing." (D.I. 522 at 16-17) Additionally, the information was publicly available, and thus accessible to Colon. (*See id.* at 17) Moreover, Valdez's residency is not relevant to his role in the government's case. (*See id.*) To the extent Valdez's testimony is inconsistent with publicly available records (or other evidence), Colon was free to raise these (minor) inconsistencies at trial, when the jury was evaluating Valdez's overall credibility, but Colon did not do so.

In sum, Colon has failed to identify deficiencies in the government's discovery materials that would warrant granting a new trial under Rule 33.

Finally, Colon raises claims of ineffective assistance of counsel, focusing on the representation provided by Ms. Chavar, who was appointed by the Court in May 2021 and represented Colon through the first half of trial, before the Court ruled that he had waived his

right to counsel by his conduct. (*See* D.I. 449 at 3-7; D.I. 510 at 6) In the Court's view, these claims are premature and do not provide a basis for the relief sought.[3]

Ineffective assistance of counsel claims are generally not ripe on a motion for a new trial or on direct review, but rather are to be presented, if at all, on collateral review. *See United States v. Kennedy*, 354 F. App'x 632, 637 (3d Cir. 2009) ("[R]arely, if ever, should an ineffectiveness of counsel claim be decided in a motion for a new trial or on direct appeal."); *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack."). That latter mechanism is better suited "'to accommodate the interests in finality and fairness with respect to ineffective assistance of counsel claims.'" *United States v. DeRewal*, 10 F.3d 100, 105 (3d Cir. 1993) (quoting *United States v. Ugalde*, 861 F.2d 802, 809 (5th Cir. 1988)). To the extent the Court has discretion to handle such claims at this stage, Colon has not presented a persuasive reason for the Court to do so.

The Court has carefully considered Colon's additional arguments and finds them unpersuasive. Colon's allegations of prosecutorial misconduct (*see* D.I. 510 at 15-16) are unsupported and, as the Court has already explained, the finding that Colon waived his right to counsel by conduct was based on conflicts of Colon's own making (*see, e.g.*, D.I. 516 at 5-7). Colon provides no support for his suggestion that his waiver by conduct somehow entitled him to a continuance of trial. (*See* D.I. 510 at 15) Nor has he set forth a persuasive argument that the delay during trial related to Ms. Chavar's administrative suspension somehow constituted a denial of a fair trial. (*See* D.I. 515 at 6-10)

---

[3] Nothing stated in the instant order should be understood to detract from or alter the findings the Court made (including with respect to issues of effectiveness of counsel) in connection with finding Colon had waived his right to counsel by conduct. (*See, e.g.*, D.I. 466 at 835)

10

## CONCLUSION

For all of the foregoing reasons, Colon's Rule 29 and 33 motions are DENIED.

                                                      _____
                                                      HONORABLE LEONARD P. STARK
                                                      UNITED STATES DISTRICT JUDGE