IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES,

    v.

OMAR MORALES COLON,                   No. 1:17-cr-47-SB

    *Defendant.*

---

Jennifer K. Welsh, Meredith Christine Ruggles, U.S. ATTORNEY'S OFFICE, Wilmington, DE.

*Counsel for the United States.*

Omar Morales Colon.

*Pro se.*

---

**MEMORANDUM OPINION**

---

January 6, 2023

BIBAS, *Circuit Judge*, sitting by designation.

    A trial should conclude a criminal case, not serve as a dry run. So courts seldom grant motions for new trials. This case is no exception.

    Omar Morales Colon was convicted of nine counts of money laundering after a twelve-day jury trial. He now raises several objections to the trial's events and asks for a do-over. Because none of his objections merits a new trial, I deny his motion.

## I. BACKGROUND

In May 2017, Colon was arrested at a Red Roof Inn in Newark, Delaware. Trial Tr. July 5, 2022, at 350:10–11; Trial Tr. July 6, 2022, at 41:7–9. He had just handed $382,045 in cash to drug smugglers from California. Trial Tr. July 6, 2022, at 45:24; Trial Tr. July 7, 2022, at 104:14–105:24. Officers searched the smugglers' truck and found seventeen kilograms of cocaine. Trial Tr. July 6, 2022, at 61:17–64:16. Later searches of Colon's home, storage units, and rental properties turned up about seventeen kilograms of marijuana and another $524,000 in cash, plus a large bunker under his home accessible via a false fireplace. Trial Tr. July 12, 2022, at 232:21–245:18, 74:5–75:3; Trial Tr. July 8, 2022, at 162:10–166:18. A grand jury charged him with four counts of drug trafficking and nine counts of money laundering. D.I. 96. The money-laundering counts also applied to his wife, Shakira Martinez. *Id.*

Because the COVID-19 pandemic made it hard to hold a multidefendant trial, the Court split the proceedings into two jury trials: one on drug trafficking, the other on money laundering. D.I. 317. Judge Leonard Stark presided over the first in September 2021, where Colon was convicted on two counts of drug trafficking and acquitted on two others. D.I. 429. At the second, in July 2022, Colon and Martinez were convicted on all counts of their money-laundering charges. D.I. 597.

Colon has now moved for a new trial under Federal Rule of Criminal Procedure 33. D.I. 631. Rule 33 lets a court grant a new trial when "the interest of justice so requires." Fed. R. Crim. P. 33. "[Rule 33] motions are not favored and should be granted sparingly and only in exceptional cases." *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (internal quotation marks omitted). "When evaluating a Rule 33

motion, the district court does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *United States v. Salahuddin*, 765 F.3d 329, 346 (3d Cir. 2014) (internal quotation marks omitted). A court should grant a new trial due to evidentiary errors only when "the errors, when combined, so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *United States v. Copple*, 24 F.3d 535, 547 n.17 (3d Cir. 1994) (alteration adopted). There is no need for a new trial if the errors were harmless. *See id.*

## II. THE COURT PROPERLY ADMITTED EVIDENCE OF PRIOR BAD ACTS

Colon first argues that evidence of his prior cocaine conviction was impermissibly introduced to show that he had a propensity to commit the charged crime. D.I. 631 at 2. In 2003, he was convicted of trafficking cocaine and served five years in prison. D.I. 546 at 1; D.I. 541 at 10. Before trial, the government moved to admit evidence of this conviction, arguing that it helped explain the genesis of Colon's money-laundering conspiracy. D.I. 541 at 52–53. Colon objected, but I let it in. D.I. 554 at 4; D.I. 568. He now renews his objection.

"[U]nder our system of justice, an accused is tried for *what* he did, not *who* he is." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). So evidence of prior bad acts is admissible only "for a non-propensity purpose." *Id.* Federal Rule of Evidence 404(b)(2) lists examples of permissible uses, such as motive, knowledge, and planning. Fed. R. Evid. 404(b)(2). To be admissible, then, evidence of a prior crime must (1) be relevant under Rule 401, (2) satisfy the balancing test under Rule 403, (3) be used for a proper purpose under Rule 404(b)(2), and (4) if requested, be

3

accompanied by a limiting instruction explaining its proper purpose under Rule 105. *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).

As I ruled before trial, this evidence was relevant and admitted for proper purposes. Colon's five years in prison after his first cocaine-trafficking conviction could have given him a strong motive to hide any profits from drug trafficking. Days after his 2001 arrest, for instance, he transferred one of his properties to Martinez. That transfer supported the inference that he knew how important it was to separate his assets from his drug dealing. And some of the items seized during Colon's arrest for this case matched items seized during his 2001 cocaine arrest. *Compare* Trial Exs. 26, 197, 1152 (cocaine and a cocaine press seized in 2017), *with* Trial Tr. July 7, 2022, at 257:5–16 (same items seized in 2001). This match showed his knowledge of the drug trade and let the jury infer that he knew his real estate dealings laundered drug money.

This evidence's probative value also outweighed its minimal prejudicial effect, satisfying Rule 403. The jury heard testimony from Ivan Prieto and Roque Valdez about Colon's drug trafficking over multiple years. *See, e.g.*, Trial Tr. July 7, 2022, at 33:12–34:14, 372:1–377:3. It saw a video of Colon giving a duffel bag full of money to drug smugglers who had driven seventeen kilograms of cocaine across the country. Trial Tr. July 6, 2022, at 36:14–22, 40:3–22, 41:1–45:24. And it saw dozens of pounds of cocaine and marijuana seized at and just after his arrest, plus photos of all the cash that was seized. Trial Exs. 26, 30–32, 1500. So more evidence about a single drug arrest would not have caused serious prejudice. I also gave a limiting instruction

4

about this evidence. D.I. 594 at 41–42. Because this evidence was properly admitted, Colon's argument does not justify a new trial.

### III. THERE WERE NO ISSUE-PRECLUSION OR DOUBLE-JEOPARDY ERRORS

Next, Colon argues that certain evidence should have been excluded based on the jury's findings from the 2021 trial. D.I. 631 at 7. There, the jury convicted Colon of Count One (conspiracy to distribute cocaine) and Count Four (possession with intent to distribute marijuana). D.I. 429. But it acquitted him of Count Two (attempted possession with intent to distribute cocaine) and Count Three (manufacturing marijuana). *Id.* Given those two acquittals, Colon says, the Double Jeopardy Clause and issue-preclusion principles should have barred evidence about (1) his activities at the Red Roof Inn on the day of his arrest and (2) the bunker found underneath his home.

The Double Jeopardy Clause protects criminal defendants from being forced to relitigate issues that a jury "necessarily decided" at a previous trial. *Bravo-Fernandez v. United States*, 580 U.S. 5, 12 (2016). If a defendant raises issue preclusion under the Double Jeopardy Clause, he bears the burden of showing that "the issue whose relitigation he seeks to foreclose was actually decided by a prior jury's verdict of acquittal." *Id.* (internal quotation marks omitted).

It was not double jeopardy to admit evidence about Colon's actions at the Red Roof Inn. Colon argues that because he was acquitted on the attempted-possession charge, the government should not have claimed that he came to the hotel to buy cocaine. But the previous jury convicted him of conspiracy to distribute cocaine. D.I. 429. So it clearly thought that Colon's dealings with the drug smugglers involved cocaine trafficking. The jury might have acquitted him on Count Three (attempted possession)

5

because there was testimony that the cocaine was to exchange hands at a different location. *See* Trial Tr. Sept. 21, 2021, 546:16–549:14. Or perhaps it found that his activity at the hotel had not yet constituted a "firm, clear, undeniable action" toward possessing the cocaine. *See* D.I. 426 at 26. Whatever the jury's reasons, Colon has failed to show that it "actually decided" that he was not seeking cocaine at the Red Roof Inn in May 2017.

Nor was it error to admit evidence about Colon's bunker. The first jury acquitted Colon of manufacturing marijuana plants. D.I. 429. In reaching this result, the jury did not "necessarily decide" that Colon had never grown marijuana in the bunker. The bunker was built in 2013. Trial Tr. July 11, 2022, at 357:1–19, 369:2–6. And the Second Superseding Indictment charged Colon with manufacturing marijuana "[o]n or about May 6, 2017." D.I. 96 at 4 (Count Three). So the government's evidence at the first trial naturally focused on the pots recovered from Colon's bunker around the time of his May 2017 arrest. Perhaps the jury acquitted Colon on Count Three because a case agent testified that no "plants" were recovered from those pots, just roots. Trial Tr. Sept. 24, 2021, at 982:16–983:7, 997:1–12. Or maybe it acquitted because Colon forcefully argued that "there [were] no plants growing." Trial Tr. Sept. 27, 2021, at 1222:4–7. All that we can say is that the jury decided Colon had not been growing marijuana in May 2017. It did not necessarily decide that he never grew marijuana before then. Indeed, the Court even found after the first trial that the evidence showed "an operation consistent with a former marijuana grow." D.I. 523 at 7. Admitting evidence about that operation was thus proper.

6

### IV. COLON GOT TO USE VALDEZ'S PRIOR STATEMENTS

Next, Colon asks for a new trial because he could not use the prior statements of Roque Valdez, one of the drug smugglers. His argument takes a few forms.

First, Colon says that Valdez's proffers should have been admitted as coconspirator statements under Rule 801(d)(2)(E). D.I. 631 at 10. These documents, prepared by government agents, summarize Valdez's statements to officers after his arrest. Trial Tr. July 8, 2022, at 289:19–23. Because Valdez made these statements after Colon's and Valdez's arrests, and thus after their conspiracy had ended, Valdez did not make them "during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E); *accord United States v. Stiso*, 2015 WL 5666137, at *7 (D.N.J. Sept. 25, 2015) ("[P]ost-arrest statements would not fall under the coconspirator exception, as they were made after the alleged conspiracy and were not in furtherance of it."). So this tactic fails.

Colon also says that because the proffers were admitted in the first trial, they should have been admitted in the second. D.I. 631 at 10–12. But that is not a valid basis for admitting evidence. During trial, I explained to Colon how he could authenticate the proffers and get them admitted into evidence. Trial Tr. July 7, 2022, at 128:14–129:5. But he chose not to do this. And I repeatedly let him question Valdez about inconsistencies between his statements to government officers and his trial testimony. *Id.* at 127:10–19, 129:8–12, 171:6–22, 184:21–185:11, 203:20–204:3. No grounds for a new trial exist here.

Finally, Colon argues that he should have been able to cross-examine Valdez on inconsistencies between his testimony at this trial and the previous trial. D.I. 631 at

7

12. Valdez's prior testimony was admissible. Fed. R. Evid. 801(d)(1)(A). At one point during trial, after discussing Valdez's proffers, Colon asked to confront Valdez with the previous trial transcript. Trial Tr. July 7, 2022, at 216:11–218:8, 223:4–10, 226:12–22. I refused, thinking that he was seeking to admit Valdez's proffers. Trial Tr. July 7, 2022, at 226:12–227:12; Trial Tr. July 13, 2022, 119:14–24. After Colon corrected me, I let him identify a list of places where Valdez's testimony at this trial was arguably inconsistent with his testimony at the first trial. Trial Tr. July 13, 2022, 120:1–122:11; Trial Tr. July 19, 10:3–11:7. I whittled Colon's list down to the instances where Valdez's inconsistencies were material. Trial Tr. July 20, 2022, at 245:7–260:6. And I then read those inconsistencies to the jury, contrasting Valdez's testimony from this trial with that from the previous one. I also read from one of his proffers. Trial Tr. July 22, 2022, at 116:2–120:17.

Colon wishes he could have confronted Valdez directly about these inconsistencies. But any error was cured by highlighting the discrepancies from the bench. This way, the jury was alerted to the inconsistencies by the Court itself, and Valdez was not given a chance to explain himself. So any issues with Valdez do not call for a new trial.

## V. COLON FORFEITED HIS OBJECTIONS TO THE EXPERT WITNESS OR RAISED THEM BEFORE

Colon also raises several objections to the testimony provided by DEA chemist Maolin Li, who was admitted as an expert witness. His main argument is that Li used incorrect testing methodology. D.I. 631, Addendum at 3–9. He also says that Li was incompetent and unqualified, that his testimony was scientifically inaccurate, and

8

that his testimony at the first trial differed from his testimony at the second one. *Id.* at 2–3, 5–6, 9.

But Colon forfeited most of these objections. Before trial, the government moved in limine to admit Li's testimony. D.I. 541 at 48. So Colon had advance notice that Li would provide testimony "substantially similar to his testimony at the September 2021 trial." *Id.* The government also represents, without objection, that Colon had received Li's résumé and lab reports in discovery long before trial. D.I. 633 at 22. Colon thus had plenty of prior notice of Li's qualifications and the gist of his testimony. And Colon told me that he had no objection to the government's motion in limine. D.I. 554 at 3. I will not grant him a new trial based on objections that he should have raised well before now.

Plus, Colon already had the chance to air many of his arguments before the jury. At trial, I let Colon cross-examine Li extensively. *See* Trial Tr. July 12, 2022, at 246:13–263:5. There, he raised many of the issues discussed in his present motion, including whether Li's testimony differed between trials. *Id.* So even if Colon preserved his objection to that differing testimony, the jury was not swayed by any inconsistency. The "interest of justice" thus does not require giving Colon another chance to present his concerns about Li to a new jury. Fed. R. Crim. P. 33.

## VI. I WILL NOT OVERTURN THE COUNT ONE CONVICTION

Finally, in a supplemental brief, Colon asks me to grant him a new trial on Count One because the jury instructions were wrong. But the trial on Count One occurred back in September 2021. He did not object to the jury instructions then. D.I. 467 at 875:20–22. He already filed two Rule 33 motions regarding the September

9

2021 trial without mentioning this issue, and the Court has denied both motions. D.I. 449, 510, 523. His current motion about the July 2022 trial is not the place to bring up issues from the first proceeding. Fed. R. Crim. P. 33(b)(2).

Even if I could review his claim here, I would deny it. Colon argues that for Count One (conspiracy to distribute cocaine), the first jury should have been instructed that "distribution … includes attempt." Supp. Br., D.I. 675 at 3. By this, he means that a drug-distribution conviction can be supported by either physically transferring drugs to others or by attempting to do so. *Id.* at 1. But, he says, the first jury was not instructed that distribution also includes attempted transfer. And if that jury had been instructed on the full definition of distribution, it might have acquitted him.

That is not right. Proving an attempted action always involves proving less than the completed act. The first jury was instructed that "distribute" means "deliver or transfer possession or control of a controlled substance from one person to another." D.I. 426 at 32. It convicted him of conspiracy to distribute cocaine. D.I. 429 at 1. Telling the jury that it could have convicted for conspiracy to *attempt to distribute* would have only made the conviction easier.

Colon's related argument that the indictment was faulty is similarly mistaken. He says that by neglecting to mention attempted transfer as a possible element of distribution, the indictment failed to put him on notice of his charges. That omission, he argues, deprived the Court of jurisdiction to try him on Count One. D.I. 675 at 3. But the indictment was not deficient. "To be sufficient, an indictment must allege that

10

the defendant performed acts which, if proven, constitute a violation of the law that he is charged with violating." *United States v. Small*, 793 F.3d 350, 352 (3d Cir. 2015). The indictment alleged that Colon "knowingly and intentionally … conspired … to distribute … cocaine." D.I. 96 at 1. That phrasing suffices. *See* 21 U.S.C. §§ 841(a)(1), 846. The government did not need to further specify that distribution can include attempted transfer.

\* \* \* \* \*

Colon raises five arguments for why he should get a new trial. None shows that this is one of the exceptional cases where a new trial should be granted. So I deny his motion.